IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAVID GARLAND ATWOOD, II**                                                   **PLAINTIFF**

**VS.**                                **CIVIL ACTION NO: 1:12CV168-SA-DAS**

**MIKE CHENEY,**
**JAMES JACKSON, AND**
**TIM NAIL**                                                           **DEFENDANTS**

## ORDER

This matter is before the court on plaintiff's motions [176 & 181] for sanctions against Cade Atwood and Emmett Atwood. For the reasons set forth below, the court finds that plaintiff's motions should be denied.

Cade and Emmett Atwood were duly served with subpoenas on January 18th, 2016. The subpoenas commanded each of them to attend a deposition by written questions on February 22nd, 2016 in Jackson, Mississippi. However, Cade and Emmett did not appear to have their depositions taken on the scheduled day. Moreover, they have not filed motions to quash or raised any formal objections to plaintiff's subpoenas. The foregoing has prompted plaintiff to file the present motions, which seek recompense from Cade and Emmett for the fees and costs associated with bringing these enforcement motions, the costs incurred for serving the subpoenas and scheduling the depositions, as well as any future costs associated with rescheduling their depositions.

Notably, however, Cade and Emmett's depositions were scheduled to take place in Jackson, Mississippi. *See* docs. 173 & 178. Pursuant to Federal Rule of Civil Procedure 45(g), "[t]he court for the district where compliance is required…may hold in contempt a person who,

having been served, fails without adequate excuse to obey the subpoena or an order related to it." *See also* Fed. R. Civ. P. 37(b)(1) ("If *the court where discovery is taken* orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.") (emphasis added).

Therefore, this court lacks jurisdiction to consider the issues presented in plaintiff's motions. Rather, plaintiff's motions should have been filed in the district where compliance is required—the United States District Court for the Southern District of Mississippi, Jackson Division. Accordingly, plaintiff's motions for sanctions should be denied.

IT IS, THEREFORE, ORDERED that plaintiff's motions for sanctions [176 & 181] against Cade and Emmett Atwood are hereby denied.

SO ORDERED this, the 21st day of March, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE