IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAVID GARLAND ATWOOD, II**                                                                    **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO: 1:12CV168-SA-DAS**

**MIKE CHENEY,**
**ET AL.**                                                                         **DEFENDANTS**

## **ORDER**

This matter is before the court on plaintiff's motion (#167) to transfer compliance motions and seeks an order transferring all compliance motions relating to Mississippi Farm Bureau Casualty Insurance Company to this court—the United States District Court for the Northern District of Mississippi, Aberdeen Division. Previously, plaintiff served a subpoena duces tecum on Farm Bureau's Vicksburg, Mississippi office, which commanded it to produce certain documents pertaining to the insurance policy it maintains for Emmett Atwood's lake house. According to the motion, Farm Bureau has steadfastly refused to comply with the subpoena because, pursuant to company policy, no insurance documents can be turned over to third parties unless the insured consents. Emmett Atwood has not consented to turning over the documents to plaintiff. In light of Farm Bureau's non-compliance, plaintiff has filed several compliance-related motions, including motions for sanctions, a motion to compel, as well as a motion ordering Farm Bureau to show cause.

Plaintiff submits that Federal Rule of Civil Procedure 45(f) authorizes this court—the court that issued the subpoena—to transfer motions concerning the subpoena from the court in which they were filed. However, plaintiff's application of Rule 45 fails on two fronts. First, every compliance motion pertaining to Farm Bureau (known to this court) has been filed in this

court. Therefore, there are no compliance motions pending in other courts to transfer. Second, Federal Rule of Civil Procedure 45(f) does not authorize the issuing court to unilaterally transfer a compliance motion filed in another court back unto itself. Rather, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

IT IS, THEREFORE, ORDERED that plaintiff's motion to transfer compliance motions is hereby denied.

SO ORDERED this, the 24th day of March, 2016.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE