IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID GARLAND ATWOOD, II                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 1:12-CV-168-SA-DAS

MIKE CHENEY,
JAMES JACKSON, and
TIM NAIL                                                             DEFENDANTS

ORDER

This is a case brought under 42 U.S.C. §1983 by a prisoner in federal custody acting *pro se*. The Plaintiff alleges various constitutional violations by the State Commissioner of Insurance, a Fire Marshal, and a Deputy Sheriff. This Court granted summary judgment and qualified immunity on the majority of the Plaintiff's claims. [230]. The Court denied summary judgment and qualified immunity on one constitutional claim against the Fire Marshal, James Jackson. All other claims and Defendants were dismissed.

The Plaintiff appealed the grant of summary judgment to the Fifth Circuit Court of Appeals. Because the the order was not a final judgment the Plaintiff's appeal was premature.[1] Defendant Nail filed the instant Motion for Certification under Federal Rule of Civil Procedure 54(b) [246] requesting that this Court certify its decision as a final judgment so that the Plaintiff's appeal could proceed, and the Fifth Circuit could review the claims against Nail. [246]. The Plaintiff's appeal has since been dismissed. [263]. This case is set for trial on March 3, 2017.

Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no

---
[1] For a full explanation of why the appeal was premature see the Court's opinion at docket [250].

just reason for delay." The decision whether to certify an order as a final judgment is left to the district court's discretion. *PYCA Indus., Inc. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

> One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. . . . A district court should grant certification only when there exists some danger of hardship or injustice through delay, which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel.

*Id.* at 1421 (internal citations omitted).

Granting Nail's motion could generate piecemeal appeals and require the Fifth Circuit to review the same claims more than once due to the complex facts common between most of the Plaintiff's claims in this case. In addition, there is no guarantee that the Plaintiff will appeal, thus certification is unwarranted. Finally, the trial in this case is less than four months away, and Defendant Nail has not set forth any specific arguments as to unnecessary costs or delay he may incur if any appeals are not undertaken immediately.

For all of these reasons, Defendant Nail's Motion for certification of final judgment [246] is DENIED without prejudice.

SO ORDERED on this the 8th day of November, 2016

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE