DAVID GARLAND ATWOOD, II                                            PLAINTIFF

v.                                          CIVIL ACTION NO. 1:12CV168-SA-DAS

JAMES JACKSON, et al.                                              DEFENDANTS

PRETRIAL ORDER

1.      Choose [by a ✔ mark] one of the following paragraphs, as is appropriate to the action:

*If a pretrial conference was held*

> A pretrial conference was held as follows:

> Date:  February 21, 2017           Time:  10:00 a.m.

> United States Courthouse at Aberdeen, Mississippi before the following judicial officer:

> U.S. District Judge Sharion Aycock

2.      The following counsel appeared:

**a.**      For the Plaintiff:

| Name | Postal and Email Addresses | Telephone No. |
|---|---|---|
| David Garland Atwood, II | 439 Garden Grove Street | (601) 738-0286 |
| *Pro se* | Vicksburg, MS 39180 | |
| | davidatwood83@gmail.com | |

**b.**    For the Defendant:

| Name | Postal and Email Addresses | Telephone No. |
|------|---------------------------|---------------|
| Wilson Minor | MS Attorney General's Office<br>Civil Litigation Division<br>Post Office Box 220<br>Jackson, Mississippi 39205<br>wmino@ago.state.ms.us | (601) 359-6279 |

**3.**    The pleadings are amended to conform to this pretrial order.

**4.**    The following claims (including claims stated in the complaint, counterclaims, crossclaims, third-party claims, etc.) have been filed:

42 U.S.C. § 1983 claim for false arrest in violation of the Fourth Amendment against James Jackson.

**5.**    The basis for this court's jurisdiction is: 28 U.S.C. § 1331; 42 U.S.C. §1983

**6.**    The following jurisdictional question(s) remain(s): None.

**7.**    The following motions remain pending:

a.  Plaintiff's Renewed Motion in Limine [Doc. 320]

b.  Plaintiff's Motion for Issuance of Subpoenas [Doc. 319]

c.  Plaintiff's Motion to Close Courtroom During Confidential Testimony [Doc. 316]

**8.**    The parties accept the following **concise** summaries of the ultimate facts as claimed by:

**a.**    Plaintiff:

James Jackson, acting on orders of Mike Chaney, reopened a closed investigation into a   fire that was never ruled an arson in political retaliation for my recently published book that was critical of Sheriff Martin Pace, a friend of Chaney's and the Atwood Family, which were also friends of Chaney. Acting without evidence, Jackson secured an arrest      warrant without evidence of a crime and without evidence of any participation by me, in direct contradiction of all exculpatory evidence.

**b.** Defendant:

On November 11, 2009, a lake house in Attala County owned by Emmett Atwood burned to the ground. Attala County Deputy Sheriff called Defendant James Jackson, a Deputy State Fire Marshal, to investigate the fire. After inspecting the scene of the fire, Jackson concluded that the fire was of incendiary origin and proceeded to open an arson investigation. Jackson subsequently contacted Emmett Atwood, who informed Jackson that he suspected his grandson, Plaintiff David Atwood, had started the fire. According to Emmett Atwood, David had been involved in an ongoing feud with him and other members of the Atwood family.

On March 3, 3010, Jackson met with Joshua Chamblee, David's ex-boyfriend, in Carthage, Mississippi, to question him about the fire that burned down Emmett's lake house in Attala County. Chamblee denied that he or David had any involvement in the fire. However, Jackson sensed that Chamblee was not telling the truth based on his demeanor during the interview. Accordingly, Jackson continued to investigate the arson.

On July 29, 2011, Jackson questioned Chamblee a second time at the Leake County Sheriff's Department. Chamblee stated that on November 11, 2009, he and David Atwood drove down Highway 12 from Starkville for an hour until they stopped in a woody area. According to Chamblee, David instructed him to exit the vehicle, at which point David proceeded to walk behind a house with a plastic bag in his hand. Chamblee stated that when they started walking back towards the car, he saw flames coming from the house. Chamblee also recalled David saying that house belonged to his grandfather. Finally, Chamblee explained that the reason he had not told the truth to Jackson on March 3, 2010, was that David Atwood had threatened to burn down his mother's house or the houses of other family members if he told the State Fire Marshal's Office that David started the fire. Jackson recorded the interview of Chamblee and also obtained a written statement from Chamblee implicating David Atwood in the arson.

On that same date, Jackson traveled to Attala County and swore out an affidavit against David Atwood for first degree arson. Jackson submitted the affidavit to Attala County Justice Court Judge Ronald Stewart and requested the issuance of a warrant for Atwood's arrest. Additionally, Jackson showed Judge Stewart Chamblee's written statement. Based on Chamblee's written statement admitting that he witnessed David Atwood set fire to his grandfather's lake house, Judge Stewart found that there was probable cause to arrest David for first degree arson and issued an arrest warrant to Jackson.

On August 1, 2011, David turned himself into the Attala County Sheriff's Department and was booked into the Attalla County Jail. He subsequently

bonded out of the jail that same day after posting bail.  On October 12, 2011, Atwood's preliminary hearing was held in Attala County Justice Court.  After hearing Jackson's and Deputy Sheriff Nail's testimony, Judge Stewart found that there was probable cause for the first degree arson charge and bound Atwood's case over to the Attala County grand jury.

The Attala County District Attorney's Office presented David Atwood's case to an Attala County grand jury in 2012.  The grand jury decided not to indict Atwood for first degree arson and returned a "no bill" against him.

**9.**　　**a.**　　The following facts are established by the pleadings, by stipulation, or by admission:

　　　　1.　　On July 29, 2011, Attala County Justice Court Judge Ronald Stewart issued a warrant for the arrest of Plaintiff David Atwood for first degree arson.

　　　　2.　　On August 1, 2011, Plaintiff David Atwood turned himself in and bonded out of the Attala County Jail that same day.

　　　　3.　　Attala County Justice Court Judge Ronald Stewart set Plaintiff David Atwood's bail at $50,000.

　　　　4.　　On October 12, 2011, Plaintiff David Atwood appeared before Attala County Justice Court Judge Ronald Stewart for his preliminary hearing.

　　　　5.　　At the conclusion of the preliminary hearing, Attala County Justice Court Judge Ronald Stewart found that there was probable cause for the first degree arson charge against Plaintiff David Atwood, and bound Atwood's case over to the grand jury.

　　　　6.　　In March 2012, an Attala County grand jury returned a "no bill" against Plaintiff David Atwood for first degree arson.

　　**b.**　　The contested issues of fact are as follows:

　　　　1.　　Whether James Jackson is liable in his individual capacity to Plaintiff David Atwood for false arrest pursuant to 42 U.S.C. § 1983 in violation of the Fourth Amendment. (Mixed Question of Law and Fact)

2.        Whether probable cause existed to arrest Plaintiff David Atwood for arson on July 29, 2011, after Joshua Chamblee's statement to the State Fire Marshal's Office.  (Mixed Question  of Law and Fact)

3.        Whether James Jackson intentionally and maliciously made false or misleading statements, or withheld exculpatory information, when  he obtained an arrest warrant for Plaintiff David Atwood from Attala County Justice Court Judge Ronald Stewart on July 29, 2011.

4.        Whether James Jackson was aware of any facts indicating that Joshua Chamblee had a motivation to lie when Joshua gave a statement to the State Fire Marshal's Office on July 29, 2011, implicating Plaintiff David Atwood in the arson which destroyed Emmett Atwood's lake house.

5.        Whether James Jackson was aware of any facts indicating that the information provided by Joshua Chamblee on July 29, 2011, was unreliable.

6.        Whether James Jackson is entitled to qualified immunity for false arrest in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983.  (Mixed Question of Law and Fact)

7.        Whether James Jackson's actions caused Plaintiff David Atwood to be detained in the Covington County Jail for four months.

**c.**        The contested issues of law are as follows:

1.        Whether James Jackson is liable in his individual capacity to Plaintiff David Atwood for false arrest pursuant to 42 U.S.C. § 1983 in violation of the Fourth Amendment. (Mixed Question of Law and Fact)

2.        Whether probable cause existed to arrest Plaintiff David Atwood for arson on July 29, 2011, after Joshua Chamblee's statement to the State Fire Marshal's Office.  (Mixed Question  of Law and Fact)

3.        Whether James Jackson is entitled to qualified immunity for false arrest in violation of the Fourth Amendment pursuant to 42 U.S.C. § 1983.  (Mixed Question of Law and Fact)

**10.**      The following is a list and brief description of all exhibits (except exhibits to be used for impeachment purposes only) to be offered in evidence by the parties.  **Each exhibit has been marked for identification and examined by counsel.**

**a.** To be offered by the Plaintiff:

1) The Complaint and attached exhibits

2) Excerpts from Plaintiff's book, Into Hell I Rode

3) Mike Chaney's and James Jackson's Answers to the Complaint

4) Affidavit of Melba June Tolleson

5) Preliminary hearing notes of Rosalind Jordan

6) Bail bond records of Sherrie Williams/ACE bonding

7) Fire Marshal investigative file and reports

8) Attala County Sheriff's Office file

9) Mississippi Farm Bureau insurance documents

10) Attala County Grand Jury No-Bill documents

11) Affidavits of Tim Nail

12) Tim Nail's Response to First set of Interrogatories

13) Time Nail's Supplemental Responses to Interrogatories

14) James Jackson's Interrogatory Responses

15) Tim Nail's Supplemental Interrogatory Responses

16) James Jackson's Comprehensive Report on Josh Chamblee

17) James Jackson's Supplemental Interrogatory Responses

18) Tim Nail's Supplemental Responses to Interrogatories regarding Court order of 3-31-16

19) James Jackson's and Mike Chaney's Motions for Summary Judgment and attached exhibits [Docs. 213, 214, 216 & 217]

20) Mike Chaney's Responses to Interrogatories

21) All documents and filings related to Emmett and Kade Atwood's failure to attend their subpoenaed depositions

22) Aerial photographs of the Atwood lake house property and photographs of the property

23) Covington County Justice Court records from Plaintiff's separate criminal case.

24) Attala County Justice Court records regarding Joshua Chamblee

25) Warren County Chancery Court records from paternity suit against Emmett Atwood

26) Mississippi Supreme Court opinion in *Atwood v. Hicks*, 538 So. 2d 404 (1989)

27) Photographs of Emmett Atwood and guests at lake house

28) Vicksburg Post articles written by Plaintiff

29) YouTube video of Plaintiff and Joshua Chamblee

30) Mike Traxler divorce pleadings

31) Court pleadings from Discover Bank v. Mike Traxler

32) National Fire Protection Association, NFPA 921 Guide for Fire and Explosion Investigations (2004 Edition)

33) Summons in Vivian Quinn Atwood v. David Garland Atwood, II (Chancery Court of Warren County, No. 2009-312-GN)

34) March 13, 1967 Grand Jury Indictment of Atwood Chevrolet-Olds, Inc.

35) Warren County Sheriff's Department 2016 Pay Scale

36) AT&T cell phone records of Plaintiff for November 2009

37) Mapping of Distance and Travel Time from Starkville to Kosciusko

38) Attala County Justice Court Records related to Plaintiff David Atwood

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

P-1     Defendant would object to the introduction of these documents on the basis of hearsay and/or hearsay within hearsay (double hearsay); that they are wholly irrelevant to the merits of the case; and they are self-serving and cumulative.

P-3     Defendant would object to the introduction of these documents on the basis of hearsay and/or hearsay within hearsay (double hearsay); and that they are wholly irrelevant to the merits of the case.

P-4     Defendant would object to the introduction of this document on the basis of hearsay and/or hearsay within hearsay (double hearsay); that it is wholly irrelevant to the merits of the case; and it is self-serving and cumulative.

P-5     Defendant would object to the introduction of these documents on the basis of hearsay and/or hearsay within hearsay (double hearsay); and that they are wholly irrelevant to the merits of the case.

P-7     To the extent that any of the Fire Marshal's investigative file and reports contain narratives regarding the arson investigation, the arrest of Plaintiff, and the presentation of the case to the grand jury, Defendant would object to the introduction of such records on the basis of hearsay and/or hearsay within hearsay (double hearsay).

P-11    Defendant would object to the introduction of these affidavits on the basis of hearsay and/or hearsay within hearsay (double hearsay); and that they are wholly irrelevant to the merits of the case.

P-12    Defendant would object to the introduction of this document on the basis of hearsay and/or hearsay within hearsay (double hearsay); and that it is wholly irrelevant to the merits of the case.

P-13    Defendant would object to the introduction of this document on the basis of hearsay and/or hearsay within hearsay (double hearsay); and that it is wholly irrelevant to the merits of the case.

P-14    Defendant would object to the introduction of this document on the basis of hearsay and/or hearsay within hearsay (double hearsay).

P-15    Defendant would object to the introduction of this document on the basis of hearsay and/or hearsay within hearsay (double hearsay); and that it is wholly irrelevant to the merits of the case.

P-16    To the extent these records contain information about Joshua Chamblee's arrest history, Defendant would object to the introduction these records on the basis that they are not admissible under Fed. R. Evid. 608(b), 609; and that this information's probative value is substantially outweighed by the danger of unfair prejudice to the Defendant, and/or confusing the jury.

P-17    Defendant would object to the introduction of this document on the basis of hearsay and/or hearsay within hearsay (double hearsay).

P-18    Defendant would object to the introduction of this document on the basis of hearsay and/or hearsay within hearsay (double hearsay); and that it is wholly irrelevant to the merits of the case.

P-19    Defendant would object to the introduction of these documents and records on the basis of hearsay and/or hearsay within hearsay (double hearsay); that they are wholly irrelevant to the merits of the case; and cumulative.

P-21    Defendant would object to the introduction of these documents on the basis of hearsay and/or hearsay within hearsay (double hearsay); and that they are wholly irrelevant to the merits of the case.

P-22    Defendant would object to the introduction of these photographs on the basis of lack of authentication; and lack of relevance to the merits of the case.

P-25    Defendant would object to the introduction of these records on the basis that they are wholly irrelevant to the merits of the case.

P-26    Defendant would object to the introduction of these records on the basis that they are wholly irrelevant to the merits of the case.

P-27    Defendant would object to the introduction of these photographs on the basis of lack of authentication and relevance to the merits of the case.

P-28    Defendant would object to the introduction of these articles on the basis that they are wholly irrelevant to the merits of the case and cumulative of other evidence.

P-29    Defendant would object to the introduction of this video on the basis that it is wholly irrelevant to the merits of the case; and that it is self-serving and cumulative.

P-30    Defendant would object to the introduction of these records on the basis
        that they are extrinsic evidence not admissible under Fed. R. Evid. 608(b); and
        that they are wholly irrelevant to the merits of the case.

P-31    Defendant would object to the introduction of these records on the basis
        that they are extrinsic evidence not admissible under Fed. R. Evid. 608(b); and
        that they are wholly irrelevant to the merits of the case.

P-32    Defendant would object to the introduction of this document on the basis of
        hearsay and/or hearsay within hearsay (double hearsay); and that it is wholly
        irrelevant to the merits of the case.

P-33    Defendant would object to the introduction of this document on the basis of
        hearsay and/or hearsay within hearsay (double hearsay); and that it is wholly
        irrelevant to the merits of the case.

P-34    Defendant would object to the introduction of this indictment on the basis that
        it is not admissible under Fed. R. Evid. 608(b), 609; that it is wholly
        irrelevant to the merits of the case; and that this information's probative value is
        substantially outweighed by the danger of unfair prejudice to the Defendant,
        and/or confusing the jury.

P-35    Defendant would object to the introduction of this document on the basis that it is
        wholly irrelevant to the merits of the case.

P-36    Defendant would object to the introduction of these records on the grounds
        that they are wholly irrelevant to the merits of the case; that their probative value,
        if any, is substantially outweighed by the danger of unfair prejudice to the
        Defendant, and/or confusing the jury; and that Plaintiff failed to identify these
        records in his Initial Disclosures and failed to seasonably supplement his Initial
        Disclosures with these records.

**b.**    To be offered by the Defendant:

D-1     Photographs of Emmett Atwood's lake house taken before fire

D-2     Photographs of Emmett Atwood's lake house taken after fire

D-3     Document entitled "David Atwood, II Happenings Threats, Etc." created by
        Emmett Atwood and provided to James Jackson

D-4     11-13-09 Statement of David Atwood to Attala County Sheriff's Department

D-5     11-13-09 Statement of Joshua Chamblee to Attala County Sheriff's Department

D-6     3-03-10 Statement of Joshua Chamblee to Mississippi State Fire Marshal's Office

D-7     CD containing audio recording of 7-29-11 interview of Joshua Chamblee by Mississippi State Fire Marshal's Office

D-8     Transcript of 7-29-11 interview of Joshua Chamblee by Mississippi State Fire Marshal's Office

D-9     7-29-11 Written Statement of Joshua Chamblee to Mississippi State Fire Marshal's Office

D-10    Affidavit of James Jackson for issuance of warrant to arrest David Garland Atwood, II for arson

D-11    Arrest warrant issued by Attala County Justice Court Judge Ronald Stewart for David Garland Atwood, II

D-12     Uniform Justice Court Criminal Record in *State of Mississippi v. David Garland Atwood* (Case # 62593)

The authenticity and admissibility in evidence of the preceding exhibits are stipulated. If the authenticity or admissibility of any of the preceding exhibits is objected to, the exhibit must be identified below, together with a statement of the specified evidentiary ground(s) for the objection(s):

D-3     Plaintiff objects to the introduction of this document on the basis of hearsay, lack of relevance, lack of personal knowledge, and that its probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff.

D-7     Plaintiff objects to the introduction of the audio recording of Joshua Chamblee's interview on the basis of lack of authentication; and to the extent it references Plaintiff's criminal history on the basis that it lacks relevance; and that its probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff.

D-8     Plaintiff objects to the introduction of the transcript of Joshua Chamblee's interview on the basis of lack of authentication; and to the extent it references Plaintiff's criminal history on the basis that it lacks relevance; and that its probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff.

D-9     Plaintiff objects to the introduction of the Joshua Chamblee's written statement on the basis of lack of authentication.

Plaintiff generally objects to the admission of any exhibits containing any reference to his criminal history or the Vivian Quinn Atwood lawsuit.

**11**.    The following is a list and brief description of charts, graphs, models, schematic diagrams, and similar objects which will be used in opening statements or closing arguments, but which **will not** be offered in evidence: None

Objections, if any, to use of the preceding objects are as follows: None.

If any other objects are to be used by any party, such objects will be submitted to opposing counsel at least three business days before trial.  If there is then any objection to use of the objects, the dispute will be submitted to the court at least one business day before trial.

**12.**    The following is a list of witnesses Plaintiff anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment).  All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial.  The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will/ May Call | [**F**]act/ [**E**]xpert [**L**]iability/ [**D**]amages | Business Address & Telephone Number |
|---|---|---|---|
| Teresa Lyle | May Call | F/L/D | 3716 Highway 16 Carthage, MS 39051 (601) 416-8115 |
| Paul Lyle | May Call | F/L/D | 3716 Highway 16 Carthage, MS 39051 (601) 416-8115 |
| Sheriff Tim Nail | May Call | F/L/D | Attala County Sheriff's Department 112 West Adams Street Kosciusko, MS 39090 (662) 289-5556 |
| Sheriff Martin Pace | May Call | F/L/D | Warren County Sheriff's Department |

|  |  |  |  |
|---|---|---|---|
|  |  |  | 1000 Grove Street<br>Vicksburg, MS 39183<br>(601) 636-1761 |
| Mike Chaney | May Call | F/L/D | Mississippi Insurance Department<br>1001 Woolfolk State Office Building<br>501 North West Street<br>Jackson, MS 39201<br>(601) 359-3569 |
| Ricky Davis | May Call | F/L/D | Mississippi State Fire Marshal's Office<br>660 North Street<br>Jackson, MS 39201<br>(601) 359-1061 |
| Rosalind Jordan | May Call | F/L/D | 117 East Washington Street<br>Kosciusko, MS 39090<br>(662) 289-7339 |
| Joan Campbell | May Call | F/L/D | 439 Garden Grove Street<br>Vicksburg, MS 39180<br>(601) 862-2887 |
| Sherry Williams | May Call | F/L/D | Ace Surety Bail Bonding Company<br>175 A West Williams Drive<br>Pheba, MS 39755<br>662-769-1365 |
| Richard Cain | May Call | F/L/D | 662-582-6474 |
| Jan Hyland Daigre | May Call | F/L/D | Miss. Farm Bureau<br>1009 Cherry Street<br>Vicksburg, MS 39180<br>601-636-3961 |
| Ronnie Stewart | May Call | F/L/D | 2255 Attala Road 4233<br>Kosciusko, MS 39090<br>662-289-6288 |
| Det. Mike Traxler | May Call | F/L/D | Warren Co. Sheriff's Dept. |

|                  |          |       | 1000 Grove Street<br>Vicksburg, MS 39180<br>601-636-1761 |
|------------------|----------|-------|----------------------------------------------------------|
| Det. Todd Dykes  | May Call | F/L/D | Warren Co. Sheriff's Dept.<br>1000 Grove Street<br>Vicksburg, MS 39180<br>601-636-1761 |
| Billie Joe Heggins | May Call | F/L/D | Warren Co. Sheriff's Dept.<br>1000 Grove Street<br>Vicksburg, MS 39180<br>601-636-1761 |

Will testify live: All who are called.

Will testify by deposition:

Entire deposition of Teresa Lyle.

Entire deposition of Judge Ronald Stewart.

Portions of deposition of Emmett Atwood, except for the following: P. 16, L. 8-25; P. 17, L. 1-4 & 20-25; P 18, L. 19-23; P. 19, L. 1-3; P. 20, L. 18-25; P. 21 – 48; P. 49, L. 1-5; P. 50, L. 18-25; P. 51-53; P. 57, L. 24-25; P. 58, L. 1-10; P. 61, L. 24-25; P. 62-78; P. 81, L. 2-25; P. 82, L. 1-14 & 22-25; P. 83-89 but stop at Line 21; P. 103, L. 11-12; P. 105, L. 13-14; P. 108, L. 21-23; P. 109, L. 18-19; P. 117, L. 13-15 & 25; P. 118, L 8-9 except for the answer, "Yes"; P. 120, L. 12-16 except for answer, "No"; P. 121, L. 9-10; P. 124, L. 17-25; P. 125, L. 1-9; P. 131, L. 6-18; P. 132, L. 13-18; P. 134, L. 13-17; P. 136, L. 17-25; P. 137-139, but stop at Line 7; P. 140, L. 20-25; P. 141, L. 1-5 & 14-25; P. 142-43.

Portions of deposition of Kade Atwood, except for the following: Page 14, L. 2-8; P. 33, L. 2 and 13-17; P. 34, L. 8-25; P. 35, L. 1-24; P. 37, L. 22.

Portions of deposition of Joshua Chamblee, except for the following: P. 17, L. 13-19; P. 28, L. 1-25; P. 29, L. 17; P. 33, L. 19-25; P. 34, L. 1-10; P. 63, L. 24; P. 64, L. 1 & 10.

State whether the entire deposition, or only portions, will be used.  Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise).  All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial.  All objections not submitted within that time are waived.

13.   The following is a list of witnesses Defendant anticipates calling at trial (excluding witnesses to be used solely for rebuttal or impeachment).  All listed witnesses must be present to testify when called by a party unless specific arrangements have been made with the trial judge before commencement of trial.  The listing of a **WILL CALL** witness constitutes a professional representation, upon which opposing counsel may rely, that the witness will be present at trial, absent reasonable written notice to counsel to the contrary.

| Name | Will/ May Call | [F]act/ [E]xpert [L]iability/ [D]amages | Business Address & Telephone Number |
|---|---|---|---|
| James Jackson | May Call | F/L/D | Mississippi State Fire Marshal's Office 660 North Street Jackson, MS 39201 (601) 359-1061 |
| Ricky Davis | May Call | F/L/D | Mississippi State Fire Marshal's Office 660 North Street Jackson, MS 39201 (601) 359-1061 |
| Mike Ivy | May Call | F/L/D | Mississippi State Fire Marshal's Office 660 North Street Jackson, MS 39201 (601) 359-1061 |
| Sheriff Tim Nail | May Call | F/L/D | Attala County Sheriff's Department 112 West Adams Street Kosciusko, MS 39090 (662) 289-5556 |
| Teresa Lyle | May Call | F/L/D | 3716 Highway 16 Carthage, MS 39051 (601) 416-8115 |
| Paul Lyle | May Call | F/L/D | 3716 Highway 16 |

|  |  |  | Carthage, MS 39051 |
|---|---|---|---|
|  |  |  | (601) 416-8115 |
| Emmett Atwood | May Call | F/L/D | 2339 N Frontage Rd. |
|  |  |  | Vicksburg, MS 39180 |
|  |  |  | (601) 301-2317 |
| Plaintiff David Atwood | May Call | F/L/D |  |

Will testify live: All who are called.

Will testify by deposition:

The following portions of Joshua Chamblee's deposition: P. 4, L. 15-17; P. 6, L. 13 thru P. 19, L. 12; P. 19, L. 24; P. 20, L. 1 thru P. 21, L. 24; P. 22, L. 3-25; P. 23, L. 4; P. 25, L. 21 thru P. 26, L. 1; P. 26, L. 21 thru P. 28, L. 1; P. 31, L. 4-18; P. 34, L. 23 thru P. 35 L. 14; P. 40, L. 8-22; P. 41, L. 2-5; P. 51; L. 10 thru P. 52, L. 7; P. 73, L. 1-12; P. 75, L. 14 thru P. 76, L.6; P. 77, L. 7-24; P. 79, L. 7 thru P. 80, L. 1; P. 80, L. 22 thru P. 81, L. 2; P. 81, L. 11-13; P. 96, L. 2-17; P. 96, L. 25 thru P. 97, L. 23.

State whether the entire deposition, or only portions, will be used. Counsel **must** confer, no later than twenty-one days before the commencement of trial, to resolve **all** controversies concerning **all** depositions (electronically recorded or otherwise). All controversies not resolved by the parties **must** be submitted to the trial judge not later than fourteen days before trial. All objections not submitted within that time are waived.

**14.** This (✔) ____✔____ is _____ is not a jury case.

**15.** Counsel suggests the following additional matters to aid in the disposition of this civil action: None.

**16.** Counsel estimates the length of the trial will be _4_ days.

**17.** As stated in paragraph 1, this pretrial order has been formulated (a) at a pretrial conference before a judicial officer, notice of which was duly served on all parties, and at which the parties attended as stated above, or (b) the final pretrial conference having been dispensed with by the judicial officer, as a result of conferences between the parties. Reasonable opportunity has been afforded for corrections or additions prior to signing.

This order will control the course of the trial, as provided by Rule 16, Federal Rules of Civil Procedure, and it may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

Ordered, this the  17th day of July, 2017.

 /s/ Sharion Aycock
United States District Judge