IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DAVID GARLAND ATWOOD, II                                              PLAINTIFF

V.                                              CIVIL ACTION NO.1:12-CV-168-SA-DAS

MIKE CHENEY, et al.                                                  DEFENDANTS

ORDER ON SANCTIONS

Now before the Court are the Plaintiff's Motions [304, 305] for remedial and compensatory sanctions against two witnesses that he alleges failed to appear for depositions on two separate occasions. The witnesses filed a late Response and Countermotion [341] for sanctions against the Plaintiff.[1] After briefing and a hearing on the issues, the Court finds as follows:

As part of the discovery in this case the *pro se* Plaintiff issued two subpoenas, with prior Court approval, to take depositions of Emmett Atwood and Kade Atwood. The depositions were scheduled for February 22, 2016. Emmett Atwood and Kade Atwood were personally served with the subpoenas by two separate process servers. The process returns, signed by the process servers under penalty of perjury, indicate that Emmett Atwood and Kade Atwood were served with the subpoenas and witness and mileage fees in the amount of $65.00 each.

Emmett Atwood and Kade Atwood did not appear for their depositions scheduled for February 22, 2016. The Plaintiff filed motions to compel [236, 242] their appearances. The Magistrate Judge in this case entered an Order [248] granting the Plaintiff's request to compel both witnesses' appearances. The Magistrate Judge ordered Emmett Atwood and Kade Atwood

---

[1] The Plaintiff moved to strike the witnesses' Response and Countermotion because it was filed late, nearly four months after the Motions for Sanctions even though the witnesses had actual notice of the Motions for Sanctions earlier, and for a variety of procedural and local rule violations. The Court finds the Plaintiff's arguments well-taken but nevertheless denies his request to strike the pleadings and considered the Response and Countermotion in its decision on this issue.

to appear at a future deposition, and his order states, "Failing to attend theses depositions is tantamount to violating a court order, and as such, whoever does not attend could be held in contempt of court and sanctioned. Order [248] Aug. 19, 2016.

Emmett Atwood and Kade Atwood were again personally served with new subpoenas and a copy of the Magistrate Judge's Order commanding their appearances. The Plaintiff did not attach witness and mileage fees to the second set of subpoenas because the witness fees had already been submitted. Neither Emmett Atwood nor Kade Atwood appeared for their second scheduled deposition.[2] Emmett Atwood and Kade Atwood were eventually deposed in this case after communicating with defense counsel from the State Attorney General's office. The Plaintiff now requests that Emmett Atwood and Kade Atwood reimburse him for the expenses of the first two failed deposition attempts and for his costs to prosecute this sanctions request.

The Court finds, after reviewing the record as a whole, and based on the testimony and evidence presented at a hearing on the issue, that Emmett Atwood and Kade Atwood never had any intention of appearing at the depositions requested by the Plaintiff. It is clear that these witnesses have personal issues with the Plaintiff for a variety of reasons, some related to this case and some not, and that they willfully ignored the subpoenas. Emmett Atwood and Kade Atwood's primary excuse for not appearing was that they relied on the advice of Emmett Atwood's lawyer, who instructed him that they he was not required to comply with the subpoena because witness fees were not attached. Kade Atwood claims he followed that advice, even though admittedly he did not consult with an attorney himself and instead took the word of his uncle Emmett Atwood.

---

[2] The Court notes that date for the second scheduled depositions was changed after the Magistrate Judge issued his Order because the Court Reporter was not available for the original date. The testimony at the hearing revealed that the witnesses knew that the date was changed.

Of course, Federal Rule of Civil Procedure 45 requires simultaneous tendering of witness and mileage fees. *See* FED. R. CIV. P. 45(b)(1); *In re Dennis*, 330 F.3d 696, 705 (5th Cir. 2003) (collecting cases). The witnesses have not brought forth any authority however, to support their assertion that witness fees must be provided a second time for a re-issued subpoena. This assertion strains the limits of common sense. In any event, while a lack of witness fees may or may not have been a basis for a motion to quash, the witnesses in this case, and their attorney, admit that they did not make any attempt to quash these subpoenas.

"The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order." *See Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir. 1987) (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S. Ct. 497, 93 L. Ed. 599 (1949)). Notably, "willfulness is not an element of civil contempt." *Id*. "After the movant has shown a *prima facie* case, the respondent can defend against it by showing a present inability to comply with the subpoena or order." *See Petroleos*, 826 F.2d at 401 (citing *United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 75 L. Ed. 2d 521 (1983)).

The Court finds that the Plaintiff in this case has carried his burden by clear and convincing evidence. Having established his *prima facie* case, the burden shifts to the witnesses to present an inability to comply. *Id*. Emmett Atwood and Kade Atwood failed to bring forth any adequate or credible excuse, or any evidence whatsoever, that they were otherwise unable to comply. Based on all the evidence, testimony, and prior orders of this Court, the Court finds that compensatory sanctions against Emmett Atwood and Kade Atwood for their failure to comply with the subpoenas and the other orders of this Court are warranted.

The Plaintiff filed two sworn Affidavits [304-1, 305-1] along with his motions for sanctions outlining the expenses he incurred for the two failed depositions. These expenses total $604.29 apportioned to Emmett Atwood, and $569.04 to Kade Atwood.[3] In addition, the Plaintiff requests that Emmett Atwood and Kade Atwood be required to reimburse him for the costs of the hearing on this issue, specifically $273.73 for costs and mileage for his own attendance, and $288.53 for the costs of attendance for his witness, process server Richard Cain. The Court finds this request reasonable, and that the Plaintiff's incurrence of these expenses flows directly from Emmett Atwood and Kade Atwood's failure to comply with the subpoenas and other Court orders issued in this case.

Splitting the costs of the hearing evenly between Emmett Atwood and Kade Atwood ($281.13 each) brings their respective totals to $885.42 for Emmett Atwood and $850.17 for Kade Atwood. The Court is imposing these remedial sanctions only to compensate the Plaintiff for the reasonable expenses he incurred as a direct result of Emmett Atwood and Kade Atwood's failure to appear for their depositions without any adequate excuse. The Court is not imposing any sanctions to punish, discipline, or penalize Emmett Atwood and Kade Atwood.

Finally, the Court takes up Emmett Atwood and Kade Atwood's Countermotion [341] requesting sanctions against the Plaintiff. The Countermotion was not timely filed, nor was leave of Court for a late filing requested even though the record demonstrates that the witnesses had actual notice of the Plaintiff's pending sanction motions. *See* L. U. Civ. R. 7. The Countermotion also fails to comply with the Federal Rules of Civil Procedure because it contains no certificate of service, and is not properly endorsed. *See* Fed. R. Civ. P. 5, 11; L. U. Civ. R. 11. In addition,

---

[3] At the hearing on these motions, counsel for the witnesses attempted to undermine the expenses actually paid by the Plaintiff relative to these failed depositions. Although the Plaintiff did not have receipts or documentation for every expense he allegedly incurred, the Court finds his Affidavits, corroborated by testimony given at the hearing and at the trial of this case credible and sufficient.

the Countermotion fails to comply with the Local Rules of this Court, specifically Local Rule 7 which prohibits the filing of a response and motion in the same document. *See* L. U. Civ. R. 7. These procedural defects aside, the Court finds Emmett Atwood and Kade Atwood's request for sanctions against the Plaintiff to be wholly without merit, and it is denied.

For all these reasons, the Court orders Emmett Atwood to deposit $855.42 with the Clerk of Court at the below address within 30 days of the issuance of this Order, to be disbursed by the Clerk to the Plaintiff. The Court orders Kade Atwood to deposit $850.17 with the Clerk of Court at the below address within 30 days of the issuance of this Order, to be disbursed by the Clerk to the Plaintiff.

District Court Clerk's Office

By Mail or In Person:
US District Court
Northern District of Mississippi
911 Jackson Avenue, Room 369
Oxford, MS 38655

SO ORDERED, on this the 5th day of September, 2017.

     /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE